## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Joel M. Schumm
Appellate Clinic
Indiana University Robert H. McKinney
School of Law

Joshua C. Woodward
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wallace Henderson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 26, 2017 <br><br> Court of Appeals Case No. 49A05-1605-CR-984 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Mark D. Stoner, Judge <br><br> The Honorable Jeffrey L. Marchal, Magistrate <br><br> Trial Court Cause No. 49G06-1509-F5-32403 |

**Crone, Judge.**

# Case Summary

Wallace Henderson appeals his conviction for level 5 felony knowing failure to reside at the address registered with the sex offender registry. He challenges the trial court's admission of a witness verification form as well as the sufficiency of the evidence to support his conviction. We affirm.

# Facts and Procedural History

Henderson is a convicted sex offender subject to Indiana's sex offender registration requirements. In August 2013, he was convicted of class D felony failure to register as a sex offender. In May 2015, he was convicted of level 5 felony failure to register as a sex offender. In the summer of 2015, he was out of the Department of Correction ("DOC") on parole and was homeless. Pursuant to Indiana Code Section 11-8-8-12(c), he was required to report in person to the Marion County Sheriff's Department every seven days to register the temporary address where he would be staying during those seven days. On July 13, 2015, Henderson registered his address as 520 East Market Street, the street address for Wheeler Mission ("Wheeler").

Wheeler is a homeless shelter that provides meals and a bed for its registered residents. Unless a resident is enrolled in a special program, he is permitted to stay only ten nights per month inside the shelter. Residents must register with Wheeler each day, and Wheeler's curfew is 4:30 p.m. Registration as a resident

of Wheeler is distinct from registration with the Sheriff's Department as a sex offender.

[4] According to Wheeler's records, Henderson was a resident from July 13, 2015 through July 16, 2015, having registered with Wheeler on each of those four days. From July 13 through August 24, 2015, Henderson reported weekly to Marion County Sheriff's Deputy Rolley Ferguson, each time listing his address as Wheeler's street address. According to Deputy Ferguson, he looked for Henderson at Wheeler several times but could not locate him, and on August 27, 2015, Wheeler verified that Henderson was not a registered resident. When Henderson reported to the Sheriff's Department on August 31, 2015, and again listed his address as Wheeler's street address, Deputy Ferguson told him that he had evidence that Henderson was not staying there. According to the deputy, Henderson responded, "Well, I'm going back there." Tr. at 49. Later that day, Deputy Ferguson discovered an active arrest warrant on Henderson related to his parole. Shortly thereafter, Henderson returned to the Sheriff's Department and indicated that he had missed curfew and could not check in to Wheeler. The deputy arrested him on the active warrant.

[5] On September 9, 2015, Deputy Ferguson visited Wheeler and inquired concerning Henderson's history as a resident at the shelter. Shift Supervisor John Hamblen consulted the shelter's computer records and determined that Henderson had not been a resident at Wheeler since July 16, 2015. Hamblen signed a witness verification form to that effect.

The State charged Henderson with four counts of level 5 felony failure to register as a sex offender with a prior conviction, one of which was dismissed on the State's motion.[1] A bench trial ensued, and the trial court found Henderson guilty on the remaining three counts, two of which were merged due to double jeopardy concerns. The trial court entered judgment on Count I – knowing failure to reside at the address registered with the sex offender registry.

Henderson now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

## Section 1 – The trial court acted within its discretion in admitting the witness verification form.

Henderson maintains that the trial court abused its discretion in admitting the witness verification form signed by Hamblen. We review rulings on the admission or exclusion of evidence for an abuse of discretion resulting in prejudicial error. *Williams v. State*, 43 N.E.3d 578, 581 (Ind. 2015). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Id*. To determine whether an error prejudiced the defendant, we assess the probable impact of the challenged evidence upon the jury, in light of all the other evidence that was properly presented. *Id*. If

---

[1] Count I – knowingly not residing at the address registered with the sex offender registry; Count II – failing to update his registered address within seventy-two hours of changing his address (merged); Count III – making a material misstatement or omission while registering as a sex offender (merged); and Count IV – failing to register as required between September 1 and September 9, 2015 (dismissed on State's motion).

substantial independent evidence of guilt supports the conviction, the error is harmless. *Id.*

[9] Henderson particularly asserts that the witness verification form, admitted as State's Exhibit 1, was inadmissible on hearsay grounds. Hearsay is a statement not made by the declarant while testifying at the trial or hearing and offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Indiana Evidence Rule 802 excludes hearsay unless otherwise allowed under Indiana's evidentiary rules or other law. Exceptions to the rule against hearsay include:

> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Ind. Evid. Rule 803(6).

[10] Henderson asserts that the witness verification form, admitted as a business record under Rule 803(6), was actually a public record subject to specific limitations found in Rule 803(8)(B)(i). This subparagraph prohibits the admission of "investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case."

> The reason for this exclusion is that observations by police officers at the scene of the crime or the apprehension of the defendant are not as reliable as observations by public officials in other cases because of the adversarial nature of the confrontation between the police and the defendant in criminal cases.

*Perry v. State*, 956 N.E.2d 41, 51 (Ind. Ct. App. 2011) (citations omitted).

[11] While Henderson correctly notes that the challenged form is captioned as a Sheriff's Department investigative form, the information contained therein is not attributable to Deputy Ferguson or any other law enforcement personnel. Rather, the source of the information was Wheeler's computer records, which it kept in the ordinary course of business and according to strict protocols. The information was merely transcribed from those records by Wheeler's dayshift supervisor and does not include any narrative or observations by law enforcement personnel. As such, neither the source of the information nor the method or circumstances surrounding its preparation indicate a lack of trustworthiness. *See* Ind. Evidence Rule 803(6)(E). Simply put, the witness verification form is Wheeler's business record transcribed on a law enforcement form. Supervisor Hamblen, a sixteen-year employee at Wheeler, testified at length concerning the rules and procedures surrounding Wheeler's resident

registration and recordkeeping, and on appeal, Henderson does not challenge the foundation for admitting Hamblen's statements on the form as a business record. Consequently, we find no abuse of discretion in the admission of the witness verification form.

## Section 2 – The evidence is sufficient to support Henderson's conviction.

[12] Henderson also challenges the sufficiency of evidence to support his conviction. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the judgment and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id*. (citation omitted).

[13] Henderson was convicted under Indiana Code Section 11-8-8-17, which states that a sex offender who knowingly or intentionally does not reside at the sex offender's registered address or location and has a prior unrelated conviction for failure to register commits level 5 felony failure to register. Ind. Code § 11-8-8-17(a)(5), -(b). Henderson stipulated to the prior unrelated conviction but claims that the State failed to prove beyond a reasonable doubt that he failed to reside at Wheeler's address during the six weeks between July 20 and August 24, 2015.

[14] Specifically, Henderson asserts that the State failed to establish his knowing failure to reside at Wheeler because the State did not introduce any evidence that he had *not* been sleeping outside Wheeler on the sidewalk, alley, or parking lot during those six weeks.[2] The evidence most favorable to the judgment and introduced during trial, includes Deputy Ferguson's in-depth explanation concerning the dual purposes of the sex offender registry: to promote public safety by alerting neighbors when a sex offender is living in the area and to provide law enforcement with a means of locating the offender. Tr. at 42. The deputy also testified as to how the registered address works in the case of a homeless sex offender. *Id*. He explained that the offender must provide a location where he can be found, such as a certain corner of a certain intersection and that if the offender indicates that he lives in a tent, he must specify a location where the tent will be placed. *Id*. Deputy Ferguson emphasized that he personally registered Henderson with the sex offender registry on July 13, 2015, and that Henderson did not specify that he was homeless but instead merely listed a street address that happened to be Wheeler's street address. *Id*. at 43. Henderson signed the form, which was titled, "TEMPORARY RESIDENCE/HOMELESS OFFENDER FORM,"

---

[2] In conjunction with this assertion, we note Henderson's argument that certain comments by the trial court during closing argument amounted to improper burden-shifting. He correctly observes that the trial court mentioned his decision not to testify at trial, but he admits that he did not contemporaneously object to the trial court's comments. As such, he waived the issue absent a showing of fundamental error. *Delarosa v. State*, 938 N.E.2d 690, 694 (Ind. 2010). Because he did not allege fundamental error in his principal appellate brief but instead raised it for the first time in his reply brief, Henderson has waived consideration of this claim. *See Curtis v. State*, 948 N.E.2d 1143, 1148 (Ind. 2011) (appellant must allege fundamental error in his principal appellate brief and may not raise it for first time in reply brief).

under the same street address (Wheeler's) every week from July 13 through August 24, 2015. State's Ex. 4. The deputy testified that he visited Wheeler at the stated street address on August 27, 2015, and learned that Henderson had not been registered there for over a month. Tr. at 44-45. As a result, he confronted Henderson when Henderson came in to sign the registry on August 31, 2015, stating, "I have information that you're not staying there," to which Henderson replied, "Well, I'm going back there." *Id*. at 49. After Deputy Ferguson arrested Henderson on the active parole warrant, he visited Wheeler again on September 9, 2015, and obtained a witness verification form indicating that Henderson had not been a resident of Wheeler since July 16, 2015.

We find the evidence sufficient to support a reasonable inference that Henderson knowingly failed to reside at the temporary address that he had listed with the sex offender registry. In the face of the deputy's accusation, Henderson's response that he was going *back* to the mission betrays his knowledge that he was not currently a resident there. Moreover, the documentary evidence corroborates the trial testimony that Henderson had not registered with Wheeler as a resident for six weeks. Henderson's arguments amount to invitations to reweigh evidence, which we may not and will not do. The evidence is sufficient to support Henderson's conviction. Accordingly, we affirm.

Affirmed.

Riley, J., and Altice, J., concur.